UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NGM INSURANCE COMPANY,           :
            Plaintiff,           :
                                 :
     v.                          :    CA 11-292 S
                                 :
ALBERT LORENZO JR DBA            :
A LORENZO MASONRY,               :
MICHAEL CARDIFF, and             :
BARBARA CARDIFF,                 :
            Defendants.          :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendants Michael Cardiff and Barbara Cardiffs' Motion to Dismiss the Amended Complaint and Request for Sanctions (Docket ("Dkt.") #19) ("Motion to Dismiss" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on January 19, 2012. After reviewing the filings, listening to oral argument, and performing independent research, I recommend that the Motion be denied.

**I. Facts**

This is a declaratory judgment action. Plaintiff NGM Insurance Company ("NGM") seeks to have the Court make certain findings regarding a policy of insurance issued by NGM to "Albert Lorenzo, Jr. d/b/a A Lorenzo Masonry." Amended Complaint for Declaratory Judgment (Dkt. #5) ("Amended Complaint") ¶ 45. Among

the findings requested by NGM are that losses allegedly sustained by Michael Cardiff and Barbara Cardiff (the "Cardiffs") as a result of work negligently performed by Albert Lorenzo, Jr. ("Lorenzo"), on the Cardiffs' bed and breakfast are not covered by the policy. See id. ¶¶ 16-17; see also id., prayer for relief ¶¶ 1-4. The action was filed on July 18, 2011, eighteen days after the close of discovery in the related action of Michael Cardiff and Barbara Cardiff v. National Grange Mutual Insurance Company, CA 10-39 S (the "Direct Action" or "D.A.").

In the Direct Action, the Cardiffs sued NGM pursuant to R.I. Gen. Laws § 27-7-2.4[1] after Lorenzo filed for bankruptcy. The Direct Action was filed on January 29, 2010, and thereafter the Cardiffs sought to ascertain what coverage defenses NGM had to their claim. See Memorandum and Order Granting in Part Motion to Compel and/or Strike (D.A. Dkt. #47) ("M&O of 2/24/12") at 20-26. Apart from an exclusion in the policy for work product and an alleged mold exclusion, NGM did not identify any coverage defenses

---

[1] R.I. Gen. Laws § 27-7-2.4 provides:

> Any person, having a claim because of damages of any kind caused by the tort of any other person, may file a complaint directly against the liability insurer of the alleged tortfeasor seeking compensation by way of a judgment for money damages whenever the alleged tortfeasor files for bankruptcy, involving a chapter 7 liquidation, a chapter 11 reorganization for the benefit of creditors or a chapter 13 wage earner plan, provided that the complaining party shall not recover an amount in excess of the insurance coverage available for the tort complained of.

R.I. Gen. Laws § 27-7-2.4 (2008 Reenactment).

prior to the close of discovery on June 30, 2011. However, on July 5, 2011, after discovery had closed, NGM served supplemental responses to discovery which identified additional coverage defenses. See id. at 4-8. In the M&O of 2/24/12 this Magistrate Judge struck NGM's supplemental discovery responses and precluded NGM from asserting additional coverage defenses which were not identified prior to the close of discovery on June 30, 2011. See id. at 32-33.

## II. Discussion

### A. Grounds for Motion

By the Motion, the Cardiffs seek dismissal of this action on two grounds. First, they contend that NGM's Amended Complaint fails to satisfy the pleading requirements announced by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). See Motion at 2-7. In support of this contention, the Cardiffs argue that:

> At the heart of this Declaratory Judgment Action is an unsupported assertion that L&G Construction is owned by someone other than NGM's insured Albert Lorenzo, Jr., in whose name the policy issued, and therefore NGM is not responsible for insurance coverage. Because L&G Construction is a fictitious name used by Lorenzo, and only Lorenzo, and because NGM offers only legal conclusions about L&G's ownership with no supportable factual assertions, the Amended Complaint fails to meet the plausibility standard and should be dismissed. Other requests for relief also offer mere conclusions and fail to plead a cause of action, thus failing the plausibility standard required by F.R.C.P. 12(b)(6).

3

Motion at 1.

Second, the Cardiffs seeks dismissal "because the coverage defenses asserted here should have been raised as affirmative defenses in the related Direct Action the Cardiffs filed in this Court in January 2010." Id.

### 1. **Satisfaction of Plausibility Standard**

With respect to the first argument, the Cardiffs contend that the allegation that "[a]t all relevant times, Albert Lorenzo was not the sole owner of L & G," Amended Complaint ¶ 13, fails to meet the plausibility standard articulated in Twombly. See Motion at 3-4. In support of this argument the Cardiffs cite: (1) a Certificate of Ownership recorded at the Westerly Town Hall on June 2, 2005 (five months before the renovation project contract was signed), declaring that Albert Lorenzo, Jr., is the "sole owner" of L&G Construction Services and that L&G is a d/b/a for Albert Lorenzo, Jr., id. at 4 (citing Exhibit ("Ex.") A (Certificate of Ownership)); (2) the contract for the renovation project, dated October 29, 2005, signed by "Michael Cardiff" and "Albert Lorenzo, Jr.," and reciting that the contract is between "L&G Construction Services ... and Michael Cardiff", id. (citing Ex. B (Contractor Agreement)); (3) the deposition testimony of Lorenzo in which he agrees that he was the proprietor of L&G Construction and that L&G Construction Services was his "d/b/a," and that he declared L&G's earnings on his 2006 IRS tax return, id. (citing Ex. C (Lorenzo

4

Deposition)); and (4) the deposition testimony of John Gordon in which he states that he never did business as L&G Construction, id. (citing Ex. D (Gordon Deposition)).

The Court finds it unnecessary to engage in a detailed discussion of this evidence as the Court is satisfied that the Amended Complaint meets the plausibility requirements of Twombly based on the following guidance from the First Circuit:

> Although evaluating the plausibility of a legal claim "requires the reviewing court to draw on its judicial experience and common sense," Iqbal, 129 S.Ct. at 1950, the court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556, 127 S.Ct. 1955; see also Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations."). Nor may a court attempt to forecast a plaintiff's likelihood of success on the merits; "a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. 1955 (internal quotation marks omitted); see also id. at 563 n. 8, 127 S.Ct. 1955 ("**[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder**."). The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint.

Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (alterations in original)(bold added).

Here the Cardiffs' argument is really that NGM will be unable to prove a key allegation in the Amended Complaint in the face of

the evidence cited by the Cardiffs. NGM, however, disputes the Cardiffs' contention and cites evidence which allegedly supports the allegation. See Plaintiff, NGM Insurance Company's Memorandum in Support of Its Objection to Defendants, Michael Cardiff and Barbara Cardiff's Motion to Dismiss the Amended Complaint and Request for Sanctions and NGM's Request for Attorneys' Fees against Defendants' Counsel for Bringing a Frivolous Motion ("NGM's Mem.") at 2-6. Factual disputes are not resolved in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Wilbert v. Quarterman, 647 F.Supp.2d 760, 768 (S.D. Tex. 2009)("[A] motion to dismiss pursuant to Rule 12(b)(6) ... tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or merits of a case.")(alteration in original)(footnote omitted); see also Guzzi v. Morano, Civil Action No. 10-1112, 2011 WL 4631927, at *12 (E.D. Pa. Oct. 6, 2011) (denying 12(b)(6) motion to dismiss because had plaintiff adequately pled the existence of a contract and "[a]lthough [d]efendants deny the existence of such an agreement and deny that [co-defendant] was an 'employer,' such denials simply create factual disputes that are not properly raised at the Rule 12(b)(6) stage").

While the Cardiffs are correct that the Court may consider "matters of public record," In re Colonial Mortg. Bankers, 324 F.3d 12, 19 (1st Cir. 2003), and "documents central to [NGM']s claim ...

or documents sufficiently referred to in the complaint," Parker v. Hurley, 514 F.3d 87, 91 n.1 (1st Cir. 2008), without converting the instant Motion into one for summary judgment, id., their reliance on deposition testimony as support for the Motion would require that it be converted into one for summary judgment, see Herron v. Veneman, 305 F.Supp.2d 64, 70 (D.D.C. 2004)("Often the introduction of factual materials by the parties-including depositions, answers to interrogatories, admissions on file and affidavits-will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment."). The Court declines to make this conversion. See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp., 109 F.3d 993, 996 (4th Cir. 1997)(noting the "better reasoned view that conversion takes place at the discretion of the court")(internal quotation marks omitted). Accordingly, to the extent that the Cardiffs seek dismissal of the Amended Complaint because it allegedly fails to meet Twombly's plausibility standard, I recommend that the Motion be denied.

### 2. Waiver of Coverage Defenses

The Cardiffs' second ground, however, presents a much closer question. They make a substantial argument that NGM's coverage defenses have been waived because NGM did not raise them earlier in the Direct Action. See Motion at 8-10; see also Newby Int'l, Inc. v. Nautilus Ins. Co., 112 Fed. Appx. 397, 406 (6th Cir. 2004)("An exclusion provision is an affirmative defense that must be timely

7

raised or it is waived."); Carey Canada, Inc. v. California Union Ins. Co., 748 F.Supp. 8, 13-14 (D.D.C. 1990)(holding that insurer waived the right to raise policy exclusion by failing to plead it as an affirmative defense "or otherwise signal an intention to rely on it at any point prior to the filing of this motion [for summary judgment]");. In particular, the Cardiffs cite S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367, 372-73 (4th Cir. 2003), as supportive of their position, and the Court agrees that there are several parallels between the conduct of the insurer in that case and NGM's conduct here. See id. at 372-73; see also M&O of 2/24/12 at 19-26.

Nevertheless, the Court concludes that the Motion should not be granted for the following reasons. First, the Court has determined that this action and the Direct Action should be consolidated,[2] and NGM has been precluded from raising coverage defenses which it failed to raise prior to the close of discovery in the Direct Action, see M&O of 2/24/12 at 32-33. As a result, the Cardiffs have already achieved in large measure the relief sought by the instant Motion. Secondly, a portion of the relief sought by NGM in this action, specifically requests 5 and 6 of the prayer for relief, is not precluded by the M&O of 2/24/12. See Amended Complaint, prayer for relief ¶¶ 5-6. Therefore, it would be not be proper to recommend dismissal of the entire action when

---

[2] The Court will be issuing an order to that effect.

a portion of it remains procedurally unobjectionable.

Accordingly, to the extent that the Cardiffs seek dismissal of the Amended Complaint because NGM failed to assert certain coverage defenses in the Direct Action on a timely basis, the Court recommends that the Motion be denied. However, the Court again notes that the scope of this action, which has now been consolidated with the Direct Action, is restricted by the preclusion prescribed by the M&O of 2/24/12. See M&O of 2/24/12 at 32.

### 3. Request for Sanctions

The Cardiffs seek sanctions against NGM's counsel pursuant to Fed. R. Civ. P. 11 for allegedly failing to plead factual contentions in the Amended Complaint with evidentiary support and for filing this action for an improper purpose. See Motion at 10-13. To the extent that the request for sanctions is based on an alleged absence of factual support for the allegations pled in the Amended Complaint, the Court is persuaded that NGM has identified sufficient evidence supporting the allegations to warrant denial of the request. See NGM's Mem. at 7-8.

To the extent that the request is based on the claim that the DJ Action was filed for an improper purpose, this again is a closer question. The Court, however, is inclined to view the filing of the DJ Action as a much belated realization by NGM that it should have raised the additional coverage defenses in the Direct Action

9

and a belief that it was still permissible for NGM to do so by filing a declaratory judgment action. NGM was mistaken in its belief that it could avoid the consequences of failing to identify these coverage defenses in its discovery responses in the Direct Action as this Magistrate Judge has now made clear. However, the Court is unpersuaded that the actions of NGM's counsel in connection with the filing of the DJ Action warrant the additional penalty of the imposition of sanctions. The M&O of 2/24/12 precluding NGM's additional coverage defenses in these now consolidated matters is a sufficient sanction. Accordingly, I recommend that the Cardiffs' request for sanctions be denied.

I also recommend that NGM's request for attorneys' fees in connection with the time spent responding to the Motion, see NGM's Mem. at 9, be denied. As previously noted, to the extent that the Motion is based on the Cardiffs' argument that NGM has waived its coverage defenses, the Motion had a substantial basis and was not frivolous.

### III. Conclusion

For the reasons explained above, I recommend that the Motion be DENIED. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district

10

court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
February 24, 2012